1  ANDREW P. BRIDGES (CSB No. 122761)
   abridges@fenwick.com
2  LIWEN A. MAH (CSB No. 239033)
   lmah@fenwick.com
3  WILLIAM L. PIEROG (CSB No. 288431)
   wpierog@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA 94104
   Telephone:   415.875.2300
6  Facsimile:   415.281.1350

7  Attorney for Plaintiff DIAMOND FOODS, INC.

8

9                        UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11

12  DIAMOND FOODS, INC., a Delaware          Case No.: _____
    corporation,
13                                            **COMPLAINT FOR DECLARATORY**
               Plaintiff,                     **RELIEF**
14
               v.
15
    HOTTRIX, LLC, a Nevada corporation,
16                                            **DEMAND FOR JURY TRIAL**
               Defendant.
17

18

19         Plaintiff Diamond Foods, Inc. ("Diamond Foods") alleges as follows:

20                        **NATURE OF THE ACTION**

21         1.      Diamond Foods brings this action to obtain a declaration that Diamond Foods'

22  popcorn timer and trivia software application program (or "app"), *Perfect Popcorn*, does not

23  infringe upon any copyrights or trademark rights that Hottrix, LLC ("Hottrix") may have in its

24  popcorn-based magic trick software application program, *iMunchies*, or related videos

25  demonstrating it. Diamond Foods also seeks a declaration that it has not interfered with Hottrix's

26  contractual relations and that Diamond Foods has not employed unfair business practices.

27         2.      Hottrix has threatened to use its copyright and trademark rights to sue Diamond

28  Foods, demanding millions of dollars in license fees for *Perfect Popcorn*, even though Diamond

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Foods' software program is starkly dissimilar from Hottrix's software program. Hottrix seeks to monopolize the very idea of a mobile app featuring an animated display of popcorn. Copyright law does not allow such a monopoly. Hottrix appears to stake claim to any mobile app involving popcorn popping or popped corn, no matter how dissimilar from *iMunchies*.

3. *Perfect Popcorn* and *iMunchies* have very distinct names, purposes, mechanics visual flows, and target customers.  Hottrix describes its own products as "digital visual tricks." Hottrix describes *iMunchies* as "[h]alf magic trick, half visual-gag." The app allows a user to make images of various snacks (such as M&Ms, mixed nuts, or popcorn) appear on the screen of a mobile electronic device such as an Apple iPhone. Using the device's motion-sensing capabilities, the user can then perform a sight gag by seemingly interacting with the snack. For example, the user can appear to shake the snack on the screen, reach fingers into the screen to give the illusion of retrieving the snack, and pour the snack out of the screen by tilting it.  Thus *iMunchies* changes its display in various ways based on user input. Hottrix claims that the app has "editable Effects" for apparent "through-screen action" and "motion control snacks." One *iMunchies* option is to display popped popcorn as a snack on the screen, but the user need not have any actual popcorn present or popping. Hottrix nowhere describes the app as having a utilitarian purpose other than being a software magic trick for entertainment. In the Apple online store where Hottrix sells *iMunchies*, Hottrix lists it under the category "Games."

4. In contrast, *Perfect Popcorn* is an app to help a user know exactly how long to cook microwave popcorn in order to avoid burning it. Diamond Foods describes *Perfect Popcorn* (which it nicknames "Perfect Pop") as a cooking timer tool: "Perfect Pop listens to the pops from your microwave to find the precise moment when your popcorn is ready. . . . [And there's] nothing like burnt popcorn to ruin a great movie night. That's why we made Perfect Pop!" While it is listening for the cooking to complete, the app displays a visual simulation of the inside of the microwave popcorn bag, starting with unpopped kernels and ending with popped kernels. *Perfect Popcorn* does not display or copy the same popcorn images that *iMunchies* does. Moreover, a *Perfect Popcorn* user cannot interact with the simulated popcorn by shaking, tilting, or moving the mobile device. In the online store where Diamond Foods sells *Perfect Popcorn*, Diamond

Fenwick & West LLP
Attorneys at Law
San Francisco

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Food lists it under the category "Food & Drink."

2        5.    Despite these differences between the programs, Hottrix has accused Diamond

3    Foods' *Perfect Popcorn* timer of infringing Hottrix's copyrights, trademarks, and trade dress. In

4    doing so, Hottrix attacks innovation by a misplaced and unprincipled effort to extend a statutory

5    monopoly to seek an illegitimate financial windfall.  Hottrix would deprive consumers of a

6    vibrant marketplace where different apps involving displays of food images can perform

7    functions as various as magic tricks for amusement, and assistance with microwaving food. This

8    suit seeks to halt Hottrix's overreaching and anticompetitive use of its claimed intellectual

9    property rights, leaving companies free to develop truly innovative products and leaving

10    consumers free to choose a variety of beneficial products.

11                                **THE PARTIES**

12        6.    Plaintiff Diamond Foods is a Delaware corporation with its principal place of

13    business in San Francisco, California.

14        7.    Diamond Foods believes, and therefore alleges, that Defendant Hottrix is a Nevada

15    corporation with its principal place of business in Las Vegas, Nevada, and that Hottrix sells its

16    apps, including *iMunchies*, in this District.

17                                **JURISDICTION**

18        8.    Diamond Foods brings this action pursuant to 17 U.S.C. §§ 101 *et seq.* (the

19    Copyright Act) and 15 U.S.C. § 1121 (the Lanham Act). The Court has subject-matter jurisdiction

20    over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original jurisdiction

21    of copyright and trademark claims), and 28 U.S.C. § 2201 (the Declaratory Judgment Act).

22        9.    The Court has jurisdiction over claims arising under the laws of the State of

23    California pursuant to 28 U.S.C. § 1367, as this complaint's claims are part of the same case or

24    controversy.

25        10.    The Court has personal jurisdiction and venue is proper in this district under

26    28 U.S.C. § 1391 because Hottrix does business in this district. Moreover, a substantial portion of

27    the events giving rise to the claims set forth in this complaint occurred within this judicial district.

28

1

**INTRADISTRICT ASSIGNMENT**

2    11.    This case is subject to assignment to any division pursuant to Civil Local

3  Rule 3-2(c).

4

**BACKGROUND**

5    12.    Diamond Foods produces, markets, and sells popcorn under the name Pop Secret.

6  Pop Secret popcorn has become a well-known brand since its introduction three decades ago in

7  1984. Diamond Foods also produces and distributes various popcorn-themed software

8  applications. Diamond Foods created and released *Perfect Popcorn* as a free app to help its

9  customers make a perfect bag of microwaved popcorn.

10    13.    *Perfect Popcorn* is a popcorn timing application. To use it, the user puts Pop

11  Secret popcorn in the microwave and then starts the microwave at the same time as pressing the

12  "START" button on the initial *Perfect Popcorn* display, one of several screens in the app:

13

14

15

16



17

18

19

20

21

22

23

24

25

26

27

28                    **Screenshot from *Perfect Popcorn***

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.     *Perfect Popcorn* also teaches the user "fun facts," such as when the first 3D movie came out:



**Screenshot from *Perfect Popcorn***

15.     *Perfect Popcorn* also builds anticipation for the user's Pop Secret popcorn by giving a simulated "inside the bag vision" of the microwave cooking the popcorn, starting with an image of unpopped kernels in an uninflated Pop Secret paper bag:



**Screenshot from *Perfect Popcorn***

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The bag then fills up with popping popcorn as the cooking continues, and the display alternates between popcorn images, fun facts, and verbal updates about the cooking progress:





**Sequence of screenshots from *Perfect Popcorn***

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16. As the description of the app states, *Perfect Popcorn* "listens to the pops coming from your microwave to find the precise moment when your popcorn is ready." The user cannot modify the timing or the displayed popcorn images. The user also cannot interact with or manipulate the displayed popcorn images. The only user input is starting or stopping the app. *Perfect Popcorn* only assists with preparation of microwave popcorn. It does not support cooking or display of any other snack. Diamond Foods independently developed and created the app to help customers correctly time their popcorn microwaving.

17. Hottrix is not in the business of selling popcorn or any other food. Hottrix produces, markets, and sells funny mobile applications. Hottrix's website describes its apps as "Hilarious gags and mystifying tricks," "smartphone wackiness," and "more crazy stuff," such as its iBeer app that allows a user to manipulate images of beer displayed on a mobile device by seemingly brewing, shaking, drinking, and burping it. The Hottrix name itself underscores the company's identity as a producer of visual tricks.

18. Hottrix describes *iMunchies* as "the life of the party," "[h]alf magic trick, half visual-gag." Hottrix currently sells *iMunchies* for $2.99, with the possibility of supplemental In-App purchases of a Snackpack for $0.99 and a CoinPack for $2.99.

19. *iMunchies* requires the user to select a photo he or she has taken, commonly a self-captured image of the iPhone home screen with buttons. Then, when the user runs *iMunchies* and stops pressing on the screen, snack images begin to appear on the screen. The user can select one of many snacks or objects: popcorn, M&Ms, "Healthy Nutmix," "GummiBears," cough drops, chewing gum, bonbons, money, and more:



iMunchies for iPod touch and iPhone (Popcorn, Candy, and Nuts)

**Screenshot from *iMunchies***

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20.     When a user selects the popcorn option in *iMunchies*, the popcorn appears and seemingly overflows the screen. The popcorn on the screen is always fully popped. No unpopped popcorn kernels appear on the screen, unlike the *Perfect Popcorn* screen. In addition, unlike the white popcorn shown on the *Perfect Popcorn* screen, the *iMunchies* images have heavy shadows and a much darker overall appearance:



**Sequence of screenshots from *iMunchies***

21.     As a further trick, the *iMunchies* user can also display an image of a finger and thumb from the top of the device. These fingers appear to grab a piece of popcorn and pull it upward, enabling a clever user to mimic the motion with the user's own hand, misleading viewers into perceiving the on-screen fingers as the user's real fingers. By vibrating the device slightly, the app signals the user to insert fingers behind the phone and to withdraw them. Covertly palming or holding a piece of popcorn that "magically" appears upon withdrawing the fingers from behind the screen intensifies the trick by making it seem that the user is holding popcorn that had been on the device's screen.

22.     In addition to requiring significant user input to function, *iMunchies* has several customizable features. The user can tilt the device to make the snack appear to pour from the screen, and the user can toggle whether the snack reappears after seemingly being poured out.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The user can also select various sound effects and customize the finger appearance for the finger trick described above. Recent updates and features for *iMunchies* do not relate to the appearance of the popcorn, but make changes and improvements relating to the visual tricks. Hottrix has also added "[e]xpert video instructions for magicians and hipsters."

23.     Hottrix claims copyrights in a 2007 *iMunchies* video (U.S. Copyright Registration No. PA 1-598-060) and *iMunchies* software (U.S. Copyright Registration No. TX 7-058-469).

24.     Both *Perfect Popcorn* and *iMunchies* are available in the Apple iTunes app store but appeal to different consumers. The iTunes app store lists other apps that users "also bought" with *Perfect Popcorn* or *iMunchies*. None of those listed apps is the same. The "also bought" apps shown for *iMunchies* are in the category of games:



**Screenshot from *iMunchies* page in Apple iTunes Store**

In contrast, the "also bought" apps shown for *Perfect Popcorn* are food and drink apps from food stores or restaurants:



**Screenshot from *Perfect Popcorn* page in Apple iTunes Store**

**Hottrix's Letter to Diamond Foods**

25.     Hottrix has demanded that Diamond Foods pay it over $2 million and also halt dissemination of the *Perfect Popcorn* app, including "immediate removal of the Infringing App from the Apple iTunes Store (and any other places wherein you have made it available)." Diamond Foods thus has a real and reasonable apprehension of being sued if it continues to produce and distribute *Perfect Popcorn*.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26.     On June 23, 2014, Hottrix's lawyers sent a letter (attached as **Exhibit A** to this complaint) to Diamond Foods entitled "Re: Cease And Desist Regarding *Perfect Popcorn* Mobile Application and Hottrix." Bragging that Hottrix has a reputation of being litigious, the letter invited Diamond Foods to "do an Internet search for 'Hottrix litigation.'"

27.     The letter claimed that "[i]t has come to our client's attention that you have allegedly created a copy / derivative work of the Hottrix iMunichies [sic] video/application and have given the copy the moniker 'Perfect Popcorn.'" Contrary to reality, the letter further "alleges that a substantial part of the Infringing App embodies a direct copy of the Hottrix iMunchies application in look, form and function rendering it substantially similar, in violation of the US Copyright Act."

28.     In fact, *Perfect Popcorn* is dissimilar and does not embody a direct copy of *iMunchies* in look, form, or function. The apps simply share the idea of displaying popcorn on a mobile device.

29.     The letter further "alleges that the Infringing App is likely to create consumer confusion as the source or origin of the application, or at a minimum as to sponsorship (or lack thereof) of the Infringing App by Hottrix," and "distribution of the Infringing App has and will continue to create a likelihood of confusion in violation of Hottrix' trademark / trade dress rights."

30.     Hottrix claimed that *Perfect Popcorn* and *iMunchies* "are nearly identical." As Diamond Foods explained above, the apps are not close to being identical and present no confusion as to source, origin, or sponsorship.

31.     The letter states "your alleged infringing actions may constitute unfair business practices and an interference with the contractual relations of Hottrix . . . . you are curtailing potential Hottrix customers from purchasing one (or many) of the Hottrix applications . . . . Hottrix also has monthly licenses starting for as low as $8,000.00 USD per month plus $0.15 per download for its less popular applications. This is not one of its less popular applications and would warrant a significantly higher monthly license fee."

32.     In fact, Diamond Foods' release and distribution of *Perfect Popcorn* has neither

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

interfered with potential Hottrix customers from purchasing Hottrix apps nor constituted unfair business practice. Diamond Foods believes, and therefore alleges, that Hottrix has no evidence of such interference.

33.     In exchange for a license and release, Hottrix demanded a fee of "$40,000.00 USD per month plus $0.15 per download (with a minimum two-year term; and pre-payment of $480,000 USD for the first year's minimum)."

34.     Hottrix threatened that "[i]f we cannot come to a resolution, this will not be the first time that Hottrix® has successfully taken on a large public company for similar infringement."

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of Copyrights)

35.     Diamond Foods incorporates by reference the previous allegations of this complaint.

36.     Hottrix has claimed that Diamond Foods' *Perfect Popcorn* infringes its copyrights. Specifically, Hottrix has accused *Perfect Popcorn* app of being substantially similar to Hottrix's *iMunchies* or constituting a derivative work of Hottrix's 2007 *iMunchies* video. Hottrix has threatened a lawsuit for copyright infringement against Diamond Foods based on similarities of showing "popcorn popping full screen inside of an iPhone."

37.     By virtue of Hottrix's actions, there is an actual, existing controversy between Diamond Foods and Hottrix that justifies declaratory relief.

38.     Diamond Foods' *Perfect Popcorn* cooking tool app is not substantially similar to Hottrix's *iMunchies* snack food gag. Diamond Foods independently created *Perfect Popcorn*. *Perfect Popcorn* is not a derivative work of Hottrix's 2007 *iMunchies* video or any other Hottrix video.

39.     Hottrix has not provided to Diamond Foods any evidence of a substantial similarity between *Perfect Popcorn* and *iMunchies* aside from the idea of displaying popcorn images on a mobile device screen.

40.     Diamond Foods believes, and therefore alleges, that Hottrix has no further

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

evidence of substantial similarity between *Perfect Popcorn* and *iMunchies* or *iMunchies* videos.

41.     The idea of displaying popcorn images, including on a mobile device screen, is not protected by copyright.

42.     To the extent that Hottrix has expressed the idea of popcorn appearing on screen, that expression merges completely with the idea and is not protected by copyright.

43.     Diamond Foods has not copied any of Hottrix's popcorn images or other images. *Perfect Popcorn* is not similar to *iMunchies* in visual flow or interface. To the extent that *Perfect Popcorn* is similar to Hottrix's *iMunchies* or *iMunchies* videos, the use of popcorn depictions in *Perfect Popcorn*  is a fair use under 17 U.S.C. § 107.

44.     Diamond Foods therefore requests the Court declare that *Perfect Popcorn* does not infringe any of Hottrix's copyrights.

**SECOND CLAIM FOR RELIEF**

(**Declaratory Judgment of Non-Infringement of Trademarks / Trade Dress**)

45.     Diamond Foods incorporates by reference the previous allegations of this complaint.

46.     Hottrix has claimed that Diamond Foods' *Perfect Popcorn* infringes its trademarks and trade dress. Specifically, Hottrix has claimed that *Perfect Popcorn* creates a likelihood of consumer confusion with Hottrix's *iMunchies*. Hottrix has threatened a lawsuit for trademark and/or trade dress infringement against Diamond Foods based on *Perfect Popcorn* allegedly being "likely to create consumer confusion as to the source or origin of [*Perfect Popcorn*]" and "continu[ing] to create a likelihood of confusion in violation of Hottrix' trademark / trade dress rights."

47.     By virtue of Hottrix's actions, there is an actual, existing controversy between Diamond Foods and Hottrix that justifies declaratory relief.

48.     Hottrix has not registered any trademarks for any trade dress or design trademarks, including without limitation, images of popcorn.

49.     Popcorn images are generic and commonly used for popcorn-related products. The *iMunchies* images have no unique design or styling that identifies a particular source of mobile

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

apps. Consumers do not uniquely associate popcorn images with Hottrix, and popcorn images have no secondary meaning associated with Hottrix. Furthermore, the primary significance of Hottrix's popcorn images is to constitute part of the substance, and function, of *iMunchies* itself, not to identify the source of the product.

50.    To the extent that any consumer associates images of already-popped popcorn overflowing the screen with Hottrix, there is no consumer confusion with Diamond Foods' "inside the bag vision" of popcorn gradually being popped. Furthermore, the *Perfect Popcorn* app, including the display of "fun facts" trivia and microwave cooking tool, causes no likelihood of consumer confusion with the *iMunchies* visual tricks and gags.

51.    Any purported trade dress in the *iMunchies* display and manipulation of popcorn images is not distinctive or protectable because it is solely functional and essential to the use or purpose of the app and part of the product design without any secondary meaning associated with Hottrix. The display and manipulation of the popcorn images in the app do not identify the source of the product.

52.    Diamond Foods believes, and therefore alleges, that Hottrix's only registered trademarks are word marks for "Hottrix" and "iBeer." "iMunchies" is neither a registered trademark nor a presumptively valid trademark.

53.    Neither Diamond Foods nor its *Perfect Popcorn* app displays or mentions "Hottrix," "iBeer," or "iMunchies."

54.    Hottrix has not provided to Diamond Foods any evidence of actual confusion resulting from Diamond Foods' *Perfect Popcorn*.

55.    Diamond Foods believes, and therefore alleges, that Hottrix has no such evidence of actual confusion.

56.    *iMunchies* and *Perfect Popcorn* do not exist in close proximity in the Apple iTunes store; they are in different categories of products.

57.    Diamond Foods therefore requests the Court declare that *Perfect Popcorn* does not infringe any of Hottrix's trademark or trade dress rights.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**THIRD CLAIM FOR RELIEF**

(**Declaratory Judgment of No Unfair Business Practices**)

58.     Diamond Foods incorporates by reference the previous allegations of this complaint.

59.     Hottrix has asserted that Diamond Foods' actions with regard to *Perfect Popcorn* constitute unfair business practices.

60.     Hottrix has threatened a lawsuit against Diamond Foods based on allegedly lost sales of *iMunchies* and licensing revenue attributable to Diamond Foods' *Perfect Popcorn*.

61.     By virtue of Hottrix's actions, there is an actual, existing controversy between Hottrix and Diamond Foods that warrants declaratory relief.

62.     Nothing about Diamond Foods' release and distribution of the *Perfect Popcorn* cooking app has been unfair, unlawful, or fraudulent.

63.     Diamond Foods believes, and therefore alleges, that Hottrix has no evidence that Diamond Foods' release and distribution of the *Perfect Popcorn* cooking app caused Hottrix any lost sales or license revenue and constituted an unfair business practice.

64.     Any similarity between *Perfect Popcorn* and *iMunchies* is negligible and does not constitute an unfair business practice.

65.     Diamond Foods therefore requests the Court declare that it has committed no unfair business practices with regard to *iMunchies* or Hottrix.

**FOURTH CLAIM FOR RELIEF**

(**Declaratory Judgment of No Interference with Contractual Relations**)

66.     Diamond Foods incorporates by reference the previous allegations of this complaint.

67.     Hottrix has asserted that Diamond Foods' actions with regard to *Perfect Popcorn* constitute interference with contractual relations.

68.     Hottrix has threatened a lawsuit against Diamond Foods based on allegedly lost sales of *iMunchies* and licensing revenue attributable to Diamond Foods' *Perfect Popcorn*.

69.     By virtue of Hottrix's actions, there is an actual, existing controversy between

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Hottrix and Diamond Foods that warrants declaratory relief.

2        70.    Any similarity between *Perfect Popcorn* and *iMunchies* is negligible and does not

3    constitute interference with Hottrix's contractual relations.

4        71.    Diamond Foods believes, and therefore alleges, that Hottrix has no evidence that

5    Diamond Foods' release and distribution of the *Perfect Popcorn* cooking app has interfered with

6    Hottrix's existing or prospective customer relationships.

7        72.    Diamond Foods is not aware of any relationships between Hottrix and its existing

8    or prospective customers. Diamond Foods did not intend to disrupt, and did not disrupt, any

9    relationships between Hottrix and its existing or prospective customers. Diamond Foods did not

10   engage in any wrongful conduct—and certainly no wrongful conduct relating to *Perfect*

11   *Popcorn*—that harmed or could harm Hottrix.

12       73.    Diamond Foods therefore requests the Court declare that it has not interfered with

13   Hottrix's existing or prospective contractual relations.

14                              **PRAYER FOR RELIEF**

15       Plaintiff Diamond Foods asks for judgment against defendant Hottrix as follows:

16       1.    declaring that Diamond Foods does not infringe upon any rights of Hottrix,

17   including without limitation, rights in *iMunchies* and related videos;

18       2.    declaring that Diamond Foods' actions relating to *Perfect Popcorn* do not

19   constitute unfair business practices with Hottrix;

20       3.    declaring that Diamond Foods' actions relating to *Perfect Popcorn* do not

21   constitute interference with Hottrix's contractual relations;

22       4.    awarding Diamond Foods its costs and disbursements, including reasonable

23   attorney fees under the Copyright Act;

24       5.    awarding Diamond Foods its attorney fees for this exceptional case under the

25   Lanham Act; and

26       6.    granting Diamond Foods any other relief the Court considers just and proper.

27                                **JURY DEMAND**

28       Diamond Foods hereby requests a trial by jury.

COMPLAINT FOR DECLARATORY RELIEF          15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Dated:   July 11, 2014                   FENWICK & WEST LLP

2

3                                           By: _s/Andrew P. Bridges_
                                                Andrew P. Bridges
4                                               Liwen A. Mah
                                                William L. Pierog
5
                                            Attorneys for Plaintiff
6                                           DIAMOND  FOODS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28