KENNETH E. KELLER (SBN 71450) kkeller@ksrh.com
ANNE E. KEARNS (SBN 183336) akearns@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone:      (415) 249-8330
Facsimile:      (415) 249-8333

JASON H. FISHER (SBN 222982) jfisher@fisherlg.com
FISHER LAW GROUP
18017 Chatsworth St. #250
Los Angeles, CA 91344
Telephone:      (310) 746-3053
Facsimile:      (310) 295-2259

Attorneys for Defendant HOTTRIX, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND FOODS, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>HOTTRIX, LLC, a Nevada corporation,<br><br>                    Defendants.<br><hr>HOTTRIX, LLC, a Nevada corporation,<br><br>                    Counterclaimant<br><br>          v.<br><br>DIAMOND FOODS, INC., a Delaware corporation, and Does 1 through 10, inclusive,<br><br>                    Counterdefendant. | Case No. 14-cv-03162 BLF/HRL<br><br><br>**DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Hottrix, LLC ("Defendant" or "Hottrix"), by and through its attorneys, answers the Complaint by Plaintiff Diamond Foods, Inc. ("Plaintiff" or "Diamond Foods") as follows:

1.      As to Paragraph 1, admitted that Diamond Foods has brought this action for declaratory relief, but denies liability.  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 1.

2.      As to Paragraph 2, Hottrix admits that it sent a cease and desist letter to Diamond Foods setting forth Diamond Food's infringing activities, and that the content of the letter speaks for itself.  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 2.

3.      As to Paragraph 3, Hottrix admits that Perfect Popcorn and iMunchies have distinct names, that Hottrix describes its own products as "digital visual tricks," and describes iMunchies as "[h]alf magic trick, half visual-gag," among other things.  Hottrix admits that the iMunchies app depicts an image of a food snack, including M&Ms, mixed nuts or popcorn, on a mobile device, such as an Apple iPhone, and if the user so chooses, the user can interact with the snack, by for example, shaking the screen which shakes the snack, appearing to reach a finger inside the screen to retrieve the snack, or, pour the snack out of the screen by tilting it.  Hottrix admits that the visual display can be changed based on user input, or not at all if the user so chooses.  Hottrix admits that it describes some of the features of the iMunchies app as "Editable effects,"  "Through-screen action," and "Motion control snacks," among others.  Hottrix admits that one of the options of the iMunchies app is to display popcorn being popped as a snack on the screen, and that it is not necessary for popcorn to be actually present or popping to use the iMunchies App, but denies that the Perfect Popcorn App requires the same.  Hottrix admits that the iMunchies App has no utilitarian purpose, and does not describe it that way, and that it is for entertainment purposes.  Hottrix admits that the iMunchies app is listed under the category "Games."   Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 3.

4.      As to Paragraph 4, Hottrix admits that the Perfect Popcorn app displays a visual simulation of popping popcorn.  Hottrix denies that the Perfect Popcorn app does not display or copy

1

the same popcorn images that iMunchies does.  Hottrix denies that the Perfect Popcorn user does not interact with the simulated popcorn.  Hottrix admits that the Perfect Popcorn app is under the iTunes category, "Food and Drink."  Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

5.    As to Paragraph 5, denied.

6.    As to Paragraph 6, admitted.

7.    As to Paragraph 7, admitted.

8.    As to Paragraph 8, admitted, but denies liability.

9.    As to Paragraph 9, admitted.

10.    As to Paragraph 10, admitted.

11.    As to Paragraph 11, admitted.

12.    As to Paragraph 12, Hottrix admits that Diamond Foods has released Perfect Popcorn as a free app.  Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

13.    As to Paragraph 13, Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

14.    As to Paragraph 14, Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

15.    As to Paragraph 15, Hottrix admits that the Perfect Popcorn act displays popcorn popping inside the mobile device.  Hottrix  lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

16.    As to Paragraph 16, Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

17.    As to Paragraph 17, admitted, but denied that the description of Hottrix in Paragraph 17 is full and complete.

18.    As to Paragraph 18, admitted.

2

19.     As to Paragraph 19, Hottrix denies that the iMunchies app "requires the user to select a photo he or she has taken, commonly a self-captured image of the iPhone home screen with buttons."   Hottrix further denies that the user can select "bonbons" as a snack.  Hottrix admits the remaining allegations of Paragraph 19.

20.     As to Paragraph 20, Hottrix admits that the popcorn on the iMunchies app screen is "fully popped" and that no popcorn kernels appear on the screen.  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 20.

21.     As to Paragraph 21, Hottrix admits that the iMunchies user can, he if so chooses, display an image of a finger and thumb from the top of the device, and that these fingers appear to grab a piece of popcorn and pull it upward, enabling a user to mimic the motion with the user's own hand, leading viewings to perceive the on-screen fingers as the user's real fingers.  Hottrix admits that one way to activate the finger, if the user so chooses, is to double tap the screen.  When the user does that, a finger (appearing to be that of the user) reaches inside the screen and reaches for popcorn.  Hottrix also admits that the user can make the trick more believable if he has an actual piece of popcorn in his fingers.  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 21.

22.     As to Paragraph 22, Hottrix denies that significant user input is required to make iMunchies function.  Hottrix admits that the iMunchies app has several custom features, but denies that the user is required to use them to operate the app.  Hottrix admits that if the user elects, he may tilt the device to make the snack appear to pour from the screen, and that the user may, if he chooses, select various sound effects.  Hottrix admits that it has made various improvements and updates to the iMunchies app that do not relate to the appearance of the popcorn.  Hottrix admits that it has added "[e]xpert video instructions for magicians and hipsters" the user may watch at his election. Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 22.

23.     As to Paragraph 23, admitted.

24.     As to Paragraph 24, Hottrix admits that both Perfect Popcorn and iMunchies are available in the Apple iTunes App Store.  Hottrix admits that the iTunes App Store lists other apps

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

that users "also bought" with Perfect Popcorn or iMunchies, and that none of those listed apps is the same.  Hottrix admits that the "also bought" apps shown for iMunchies are in the category of games; and that the "also bought" apps shown for Perfect Popcorn are food and drink apps from food stores or restaurants.  Hottrix further avers that when a user searches for "popcorn," both apps appear in the search result.  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 24.

25.     As to paragraph 25, Hottrix admits that Hottrix has demanded that Diamond Food pay it damages for its infringing activities and to cease and desist from using the Perfect Popcorn app, "including immediate removal of the Infringing App from the iTunes Store (and any other places wherein you have made it available)."  Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

26.     As to Paragraph 26, Hottrix admits that on June 23, 2014, Hottrix's lawyers sent a letter (attached as Exhibit A to Diamond Food's complaint) to Diamond Foods entitled "Re: Cease And Desist Regarding Perfect Popcorn Mobile Application and Hottrix®" and that Hottrix invited Diamond Foods to do an Internet search for "Hottrix litigation."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 26.

27.     As to Paragraph 27, Hottrix admits that the cease and desist letter states, among other things, that "[i]t has come to our client's attention that you have allegedly created a copy / derivative work of the Hottrix® iMunchies video/application and have given the copy the moniker 'Perfect Popcorn'…."  Hottrix further admits that the cease and desist letter states, among other things, that "a substantial part of the Infringing App embodies a direct copy of the Hottrix® iMunchies application in look, form and function rendering it substantially similar, in violation of the US Copyright Act….."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 27.

28.     As to Paragraph 28, denied.

29.     As to Paragraph 29, Hottrix admits that the cease and desist letter states, among other things, that "the Infringing App is likely to create consumer confusion as the source or origin of the

4

application, or at a minimum as to sponsorship (or lack thereof) of the Infringing App by Hottrix®," and that "Hottrix® has not authorized your use of its intellectual property" and that "distribution of the Infringing App has and will continue to create a likelihood of confusion in violation of Hottrix®' trademark / trade dress rights."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 29.

30.     As to Paragraph 30, Hottrix admits that the cease and desist letter states, among other things, that the Perfect Popcorn app and the iMunchies app "are nearly identical."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 30.

31.     As to Paragraph 31, Hottrix admits that the cease and desist letter states, among other things, that "your alleged infringing actions may constitute unfair business practices and an interference with the contractual relations of Hottrix® . . . . you are curtailing potential Hottrix® customers from purchasing one (or many) of the Hottrix® applications . . . . Hottrix® also has monthly licenses starting for as low as $8,000.00 USD per month plus $0.15 per download for its less popular applications.  This is not one of its less popular applications and would warrant a significantly higher monthly license fee."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 31.

32.     As to Paragraph 32, denied.

33.     As to Paragraph 33, Hottrix admits that the cease and desist letter states, among other things, that one alternative is that in exchange for a license and release, Diamond Foods would pay a fee of "$40,000.00 USD per month plus $0.15 per download (with a minimum two-year term; and pre-payment of $480,000 USD for the first year's minimum)….."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 33.

34.     As to Paragraph 34, Hottrix admits that the cease and desist letter states, among other things, that "[i]f we cannot come to a resolution, this will not be the first time that Hottrix® has successfully taken on a large public company for similar infringement."

//

//

5

## **FIRST CLAIM FOR RELIEF**

### **(Declaratory Judgment of Non-Infringement of Copyrights)**

35.     As to Paragraph 35, Hottrix realleges and incorporates by reference its responses to Paragraphs 1 through 34 of the Complaint, inclusive, as though set forth here in full.

36.     As to Paragraph 36, admitted.

37.     As to Paragraph 37, Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

38.     As to Paragraph 38, denied.

39.     As to Paragraph 39, denied.

40.     As to Paragraph 40, denied.

41.     As to Paragraph 41, denied.

42.     As to Paragraph 42, denied.

43.     As to Paragraph 43, denied.

44.     As to Paragraph 44, denied.

## **SECOND CLAIM FOR RELIEF**

### (Declaratory Judgment of Non-Infringement of Trademarks / Trade Dress)

45.     As to Paragraph 45, Hottrix realleges and incorporates by reference its responses to Paragraphs 1 through 44 of the Complaint, inclusive, as though set forth here in full.

46.     As to Paragraph 46, admitted.

47.     As to Paragraph 47, Hottrix lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

48.     As to Paragraph 48, admitted.

49.     As to Paragraph 49, denied.

50.     As to Paragraph 50, denied.

51.     As to Paragraph 51, denied.

52.     As to Paragraph 52, Hottrix has registered trademarks for the word marks "Hottrix" and "iBeer" and admits that Hottrix does not have a registered trademark for "iMunchies."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 52.

53.     As to Paragraph 51, Hottrix admits that neither Diamond Foods nor its Perfect Popcorn app displays or mentions the words, "Hottrix," "iBeer," or "iMunchies."  Except as expressly admitted, Hottrix denies the remaining allegations of Paragraph 53.

54.     As to Paragraph 54, denied.

55.     As to Paragraph 55, denied.

56.     As to Paragraph 56, denied.

57.     As to Paragraph 44, denied.

### THIRD CLAIM FOR RELIEF

(Declaratory Judgment of No Unfair Business Practices)

58.     As to Paragraph 58, Hottrix realleges and incorporates by reference its responses to Paragraphs 1 through 57 of the Complaint, inclusive, as though set forth here in full.

59.     As to Paragraph 59, admitted.

60.     As to Paragraph 60, admitted.

61.     As to Paragraph 61, denied.

62.     As to Paragraph 62, denied.

63.     As to Paragraph 63, denied.

64.     As to Paragraph 64, denied.

65.     As to Paragraph 65, denied.

### FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of No Interference with Contractual Relations)

66.     As to Paragraph 66, Hottrix realleges and incorporates by reference its responses to Paragraphs 1 through 65 of the Complaint, inclusive, as though set forth here in full.

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

67.     As to Paragraph 67, Hottrix admits that the cease and desist letter has asserted that Diamond Foods' actions with regard to Perfect Popcorn constitute interference with contractual relations.

68.     As to Paragraph 68, admitted.

69.     As to Paragraph 69, denied.

70.     As to Paragraph 70, denied.

71.     As to Paragraph 71, denied.

72.     As to Paragraph 72, denied.

73.     As to Paragraph 73, denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Hottrix denies that Diamond Foods is entitled to any and all relief sought in its Complaint, and/or any other relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Hottrix asserts the following defenses.  Hottrix reserves the right to amend its Answer with additional defenses as further information is determined.

### First Affirmative Defense

### (Waiver and/or Estoppel)

Plaintiff's Complaint is barred in whole or in part based on the doctrine of waiver and/or estoppel.

### Second Affirmative Defense

### (Unclean Hands)

Plaintiff's Complaint is barred in whole or in part based on the doctrine of unclean hands.

### Third Affirmative Defense

### (Copyright and Trade Dress Infringement)

Plaintiff's Complaint is barred in whole or in part because Plaintiff has infringed upon the copyright and trade dress embodied in the iMunchies video and iMunchies mobile application.

8

### PRAYER FOR RELIEF

WHEREFORE, Hottrix respectfully prays for the entry of judgment as follows:

A.     That the Complaint be dismissed with prejudice in its entirety;

B.     That Plaintiff take nothing as a result of the Complaint;

C.     That Plaintiff be denied any other relief including, but not limited to, any claim for declaratory relief;

D.     That Hottrix be awarded its reasonable attorneys' fees in an amount to be determined at trial, all costs of suit herein incurred, and pre- and post-judgment interest as provided by law; and

E.     That any such further relief as deemed just and proper by the Court, or that Hottrix may be entitled as a matter of law or equity, be awarded.

### COUNTERCLAIMS

Counterclaimant Hottrix, LLC alleges as follows:

### NATURE OF ACTION

1.     Counterclaimant Hottrix, LLC ("Hottrix") (through acquiring its predecessor's business, who operated under the name, "Hottrix") has been in business since the late 1990s creating, marketing and selling original and creative "digital visual tricks," among other things. Hottrix began by creating and marketing non-interactive videos that, when played on a mobile device, make it appear as if the device is holding a certain food or a beverage. When the device is tilted (at the appropriate time), the food or beverage appears to be poured into the user's mouth, and disappears. The videos were extremely popular and sold over one million units. One of those videos, created in the summer of 2007, was of popcorn popping and filling up the video screen (the "iMunchies Video"), which sold for $2.99.

2.     Once mobile applications ("apps") became available, Hottrix expanded its business and created and marketed similar apps for digital visual tricks for use on smart phones and other mobile devices. Those apps sell at between $0.99 to $2.99 to the public (and some are free to the consumers - but are advertiser sponsored). One of the apps Hottrix created in the summer of 2008 is iMunchies (the "iMunchies App"), a derivative work of the iMunchies Video. The iMunchies

9

Video and iMunchies App are hereinafter collectively referred to, where appropriate, as the "iMunchies Material."   The iMunchies App depicts popcorn popping full screen (and other snack foods, at the choice of the consumer).  The consumer may then, at his choice, tilt the phone to make it appear as though he is eating the popcorn – which magically disappears into his mouth.  Hottrix sells the iMunchies App for $2.99 on iTunes.  The consumer may also make additional in-app purchases.

3.      Due to its originality and quality, Hottrix has received national attention and accolades for its products, videos and apps.  Hottrix has also spent millions of dollars in advertising. Its commercials have been viewed over 10,000,000 times on the Internet and Hottrix has over 90 million users.  Consumers recognize the look and feel of the videos and apps -- namely food or drink filling up and being contained within the video screen as if the device were its container -- as belonging to Hottrix.  Hottrix owns all intellectual property rights, including copyrights, trademarks and trade dress in those videos and apps, including in the iMunchies Material.

4.      Counterdefendant Diamond Foods, Inc. ("Diamond Foods") is in the business of marketing snack products, including PopSecret.  Diamond Foods recently published an app called "Perfect Popcorn" (or "Perfect Pop") which can be downloaded for free from iTunes (the "Perfect Popcorn App").  The Perfect Popcorn App can also be downloaded through various websites, including www.perfectpopapp.com, www.popsecretlabs.com and www.popsecretlabs.com/post/51739708615/perfect-pop which link to the App Store on iTunes.

5.      Hottrix is informed and believes and thereon alleges that the Perfect Popcorn App is a marketing tool for Diamond Foods' PopSecret popcorn product.  Just like the iMunchies Material, the Perfect Popcorn App simulates popcorn popping and being contained within the video screen of a mobile device.  The expression displayed on the video screen for the Perfect Popcorn App is substantially similar, virtually identical, and/or confusingly similar to the iMunchies Video and/or iMunchies App.  The Perfect Popcorn App infringes upon the intellectual property rights of Hottrix namely, in the iMunchies Material.  The Perfect Popcorn App also wrongfully diverts customers and revenue from Hottrix, and Diamond Foods is otherwise engaging in unfair competition.

10

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

6.      Diamond Food's unlawful activities constitute willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501, and willful trade dress infringement under the Lanham Act, as amended, 15 U.S.C. § 1125(a) *et seq.*  Diamond Food's misconduct also constitutes common law trademark infringement, an intentional interference with prospective economic advantage, and an unfair business practice under Business and Professions Code § 17200, *et seq.*  Hottrix seeks an injunction, monetary damages, costs and attorney's fees, among other things.

### JURISDICTION AND VENUE

7.      Jurisdiction of this action is premised upon 15 U.S.C. § 1121, 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§1331, 1332(a)(1), 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  The amount in controversy as alleged herein exceeds the jurisdictional limit of this Court.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Counterdefendant's principal place of business is in this district, and Counterdefendant conducts business within this District, a substantial part of the events or omissions given rise to the claim occurred within this District, and Counterdefendant is subject to personal jurisdiction in this District at the time this action is commenced.

### INTRADISTRICT ASSIGNMENT

9.      Pursuant to Local rule 3-2(c), this case should be assigned on a district wide basis.

### THE PARTIES

10.      Hottrix is a Nevada limited liability company, having a principal place of business in Las Vegas, Nevada.  From approximately May 1, 1998 to July 18, 2008, Steve Sheraton, an individual ("Sheraton") operated under the business name of "HOTTRIX" and created all his works at issue in this case in or around San Francisco, California.  In approximately July of 2008, Sheraton moved to Europe and sold his company to Hottrix.  On July 18, 2008, Hottrix was formed as a limited liability company.  As alleged below, on July 18, 2008, Sheraton sold, transferred and assigned his complete interest in the then unincorporated business to Hottrix, including but not limited to all intellectual property rights, copyrights, trademarks, goodwill, and trade dress in certain

11

1   videos then belonging to Sheraton/HOTTRIX, including the iMunchies Video.  Hottrix recorded the

2   transfer with the U.S. Copyright Office on or about August 29, 2008.

3        11.    Hottrix is in the business of, *inter alia*, creating content and software for use on

4   handheld mobile devices, such as the Apple iPhone, the Apple iPad, the Apple iPod Touch

5   (collectively "Apple Devices"), Palm-OS devices, Windows Mobile devices, and Android OS

6   devices.  Hottrix is the owner of the federal copyrights and trade dress described below.

7        12.    Counterdefendant Diamond Foods, is a California corporation, with its principle place

8   of business in San Francisco, California.  Diamond Foods is in the business of, among other things,

9   selling snack foods, including popcorn under the name "PopSecret."

10        13.    Plaintiffs are unaware of the true names and identities of defendants "DOES 1-10"

11   herein, but are informed and believe that persons and entities in addition to the specifically-named

12   Defendant herein are directly and personally contributing, inducing, and/or selling infringing goods

13   as alleged herein as developers, producers, partners, suppliers and/or related parties to Diamond

14   Foods, and are legally liable for matters alleged in this Counterclaim.  Plaintiffs will amend or seek

15   leave to amend this Counterclaim as appropriate to add additional specific defendants upon

16   determining the true names and identities of the "DOE" defendants.  Diamond Foods and the Doe

17   Defendants are collectively referred to herein, where appropriate, as the "Defendants."

18        14.    Plaintiffs are informed and believe, and on that basis allege, that during all times

19   mentioned herein, each of the Defendants was the duly authorized agent, servant or representative of

20   each other defendant and was acting at all times both on its own behalf and on behalf and within the

21   course and scope of its agency or representative capacity, with the knowledge and consent of the

22   other defendant.

### ALLEGATIONS COMMON TO ALL COUNTS

### Hottrix's Ownership of Copyright and Trade Dress

25        15.    Hottrix (in one form or another) has been in business for approximately 16 years.

26   Hottrix is the creator and/or owner of numerous unique "digital visual tricks" embodied in videos

27   and apps.  Hottrix began creating these "digital visual tricks" since at least as early as 1999, when it

28    

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

debuted the "e-Spresso" video ("e-Spresso Video").  With the e-Spresso Video, a user downloaded a video onto his mobile device (at the time, the Palm was a popular mobile device).  When played, the video screen appeared to be filled with coffee.  The user would then, at the appropriate time, tilt the device into his mouth, as if drinking the coffee, and the coffee magically disappeared.

16.   In 2007, Hottrix created iBeer video – Hottrix's flagship "digital visual trick" ("iBeer Video").  Similar to the e-Spresso Video, the iBeer Video made it appear that the user's mobile device was being filled with beer.  When tilted into the user's mouth, at the appropriate time, it magically disappeared into the user's mouth.

17.   Hottrix published a similar iBeer app a year later (the "iBeer App").  Similar to the iBeer Video, the mobile device appears to act as a container for the beer.  If the user so chooses, he can tilt the device into his mouth and make it appear as if he is drinking the beer.  The iBeer App became a top seller.  It also received numerous accolades from CNN, The New York Times, Fortune, Time, Newsweek, and Apple Charts.  Below is a depiction of the iBeer App in use:



18.   At around that same time, on or about August 1, 2007, Hottrix created and published the iMunchies Video, an original movie video depicting popcorn being popped inside of and filling up the video screen.  At the appropriate time, the user then tilts the mobile device and "pours" the popcorn into his mouth, and it then magically disappears.  In essence, the user pops and then "eats" the popcorn.  A demonstration of the video, as depicted by New York Times editor David Pogue, can be seen at: https://vimeo.com/102294087.  Below are screen shots from that demonstration:

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL



New York Times editor David Pogue makes Pop Corn on iPhone - Hottrix iMunchies



New York Times editor David Pogue makes Pop Corn on iPhone - Hottrix iMunchies

19.    Hottrix created the iMunchies Video by creating visual and sound material (including editing for new visual format, sound remixing, re-sequencing, and balancing) and adding new sound material and visual material.

20.    The iMunchies Video was first published on August 1, 2007 on the Internet and made available for sale online to the world for $2.99 per copy.  As with the other videos, it was extremely popular.  Indeed, the New York Times showcased it.

21.    On or about August 1, 2007, Sheraton, the original author, applied to register the iMunchies Video under the title "iMunchies Video" with the United States Copyright office.  The copyright was registered on May 9, 2009, under Registration Number PA 1-598-060.

22.    In approximately July of 2008, Sheraton moved to Europe and sold his company to Hottrix.  On July 18, 2008, after Hottrix was formed, Sheraton sold, transferred and assigned his complete interest in the then unincorporated business to Hottrix, including but not limited to all intellectual property rights, copyrights, trademarks, goodwill, and trade dress in certain videos then belonging to Sheraton/HOTTRIX, including the iMunchies Video.  Hottrix recorded the transfer

14

1   with the U.S. Copyright Office on or about August 29, 2008.

2       23.   At about that same time, Hottrix created the iMunchies' App, a derivative work of the

3   iMunchies Video, for use on the iPhone and other related devices.

4       24.   The iMunchies App was first published on August 14, 2008.  Similar to the

5   iMunchies Video, the iMunchies App simulates popcorn being popped inside a mobile device (other

6   snacks are also available).  Once popped, the popcorn appears to remain inside the device. However,

7   unlike the iMunchies Video, which is a non-interactive video, the iMunchies App is interactive.  If

8   the user chooses, he may double tap the screen and make it appear as if his finger is reaching inside

9   the App for a piece of popcorn.  The user may also, if he so chooses, tilt the phone into his mouth

10   and make it appear as if the popcorn is emptying into his mouth for him to eat.  Or the user may elect

11   to do nothing, except appear to pop popcorn on his mobile device.

12       25.   A demonstration of the iMunchies App can be found at:

13   http://hottrix.com/iMunchies.  Below are screen shots from that demonstration.

  

21       26.   Hottrix sells the iMunchies App via the Internet (through iTunes and through its own

22   website), and also is in negotiations to license the iMunchies App to advertisers for "free end-user

23   downloads" worldwide via a cost-per-download fee.  The iMunchies App sells for $2.99 on iTunes.

24   The consumer may also make in-app purchases of a snack pack for $0.99, and/or a coin-pack for

25   $2.99.

26       27.   On or about August 14, 2008, Hottrix, LLC submitted a copyright application with

27   the United States Copyright Office for the computer software for the iMunchies App.  The copyright

28

15

1   in the iMunchies App was registered on April 8, 2009, under Registration Number TX0007058469.

2   The copyright in the iMunchies App protects the computer program and the expression of that

3   program as relayed through the screen display.

4          28.     The iMunchies Video, and its derivative work, the iMunchies App, contain original

5   elements of expression, including without limitation, the graphical user interface of popcorn popping

6   and being contained within the full screen of a mobile device.  Hottrix owns the exclusive rights

7   under the Copyright Act to reproduce, prepare derivative works, distribute, publicly perform, and/or

8   publicly display the iMunchies Material.

9          29.     Hottrix, LLC also holds trade dress protection in the iMunchies Material.  Since at

10  least 1999, Hottrix created a unique digital product line, in both video and then app format, whereby

11  certain food and/or beverages appeared to be created (e.g., brewed, popped) and contained within a

12  mobile device.  For example, as alleged above, Hottrix created and marketed the e-Spresso Video

13  and iBeer Video and App, and the iMunchies Video and App.  Following along that same theme,

14  between 2008 and 2010, Hottrix also created additional apps, including the iSoda App, the iMilk

15  App, and the iChocolate App.  Similar to the other digital products, those apps emulate a mobile

16  device holding soda, milk and chocolate milk, respectively.  If he chooses, the user can tilt the

17  mobile device to make it appear that he is drinking the beverage.  Below are representative screen

18  shots of those Apps:

  

26         30.     The total image and overall appearance of Hottrix, LLC's trade dress in its digital

27  product line (as described above), and specifically in its iMunchies Material, is distinctive, unique,

16

---

recognizable, and not merely functional.  The trade dress embodied in Hottrix's digital product line, and specifically the iMunchies Material, has obtained secondary meaning in the minds of consumers throughout the United States and the world, and serves to identify Hottrix as the source of its products, and specifically, the iMunchies Material.

31.     Hottrix has expended substantial resources in designing, promoting, manufacturing, and selling its product line, including the iMunchies Material, and built a valuable business based on demand for its distinctively-styled, digital product line, including the iMunchies Material.

32.     Because of Hottrix's efforts, together with long term consumer identification, Hottrix has become identified in the minds of the public of the provider of quality goods.

33.     The intellectual property rights in the iMunchies Material has never been assigned or licensed to Defendants.

### Defendants' Wrongful Conduct

34.     In 2014, Defendants began marketing and offering for free on iTunes the Perfect Popcorn App.

35.     The Perfect Popcorn App simulates popcorn being popped and contained inside the full screen of a mobile device.  Below are representative depictions of the Perfect Popcorn App in use:

  

36.     The visual display of the Perfect Popcorn App is confusingly similar, substantially similar to and/or virtually identical to the visual display of all or part of the iMunchies Video and/or iMunchies App.

17

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

37.     The Perfect Popcorn App is being marketed in the App Store on iTunes.  When a user searches for "popcorn" in iTunes, the Perfect Popcorn App appears first in the search results for iPhone Apps (as of 9-8-14).  iMunchies is not visible in the initial search results.  Below is a screen shot of that initial search:



38.     Only when the consumer expands the entire search, does iMunchies appear in the search results (third row down, first column, as of 9-8-14).  Below is a depiction of that expanded search result:



18

39.     The Perfect Popcorn App can also be downloaded through various websites, including www.perfectpopapp.com, www.popsecretlabs.com and www.popsecretlabs.com/post/51739708615/perfect-pop which link to the App Store on iTunes.

40.     Defendants have unlawfully reproduced, prepared a derivative work, distributed, publicly performed, and/or publicly displayed the iMunchies Material by offering for download the Perfect Popcorn App, the visual display of which is substantially similar, virtually identical and/or confusingly similar to the visual display of all or part of the iMunchies Material, without Hottrix's consent.

41.     Hottrix is informed and believes and thereon alleges that Defendants knew or should have known of Hottrix's ownership of the iMunchies Material and intellectual property rights therein.

42.     On June 23, 2014, counsel for Hottrix served Diamond Foods with a cease and desist letter setting forth the infringing activities of Diamond Foods.  Diamond Foods responded by filing this instant action.

43.     As of filing this Counterclaim, the Perfect Popcorn App is still being made available by Diamond Foods for free download.

44.     Because of Diamond Food's misconduct, Hottrix has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, and/or lost profits or other economic damage or harm.

**FIRST CAUSE OF ACTION**

**(COPYRIGHT INFRINGEMENT 17 U.S.C. § 101, *et seq*.)**

**(Against All Defendants)**

45.     Hottrix realleges and incorporates herein by reference Paragraphs 1 through 44, inclusive.

46.     At all relevant times herein, Hottrix has been and is the owner of all intellectual property rights, including copyrights, in and to the iMunchies Material.  Hottrix is the owner of U.S. Copyright Registration Numbers PA 1-598-060 and TX0007058469.

19

47.     Defendants had access to the iMunchies Material, which was and is publicly available on the Internet.

48.     In its creation, marketing and/or distribution of the Perfect Popcorn App, Defendants deliberately and intentionally copied major and/or material original elements of the visual presentation of the iMunchies Material, including but not limited to, the digital visual effect of popcorn popping inside a mobile device, and being contained therein, without Hottrix's consent. The look and feel of the screen display of the Perfect Popcorn App is substantially similar and/or virtually identical to the iMunchies Material.  At a minimum, Defendants acted with willful blindness to and/or in reckless disregard to Hottrix's copyrights in the iMunchies Material.

49.     Defendants have unlawfully and willfully reproduced, prepared a derivative work, distributed, publicly performed, and/or publicly displayed, all or part of the iMunchies Material which constitutes copyright infringement arising under the Copyright Act, as amended, 17 U.S.C. § 101 *et seq.* and particularly § 501(a) thereof.

50.     Hottrix has lost substantial revenue from Defendants' unlawful and willful copying of the Hottrix's copyrighted material, and Defendants have been unjustly enriched by increasing brand awareness and sales of the PopSecret brand.  Hottrix's sales and licensing of its own copyrighted works and derivative works are prejudiced by Defendants' copyright infringement.

51.     Because of Defendants' misconduct, Hottrix has suffered and will continue to suffer damage, including but not limited to, lost profits and goodwill, lost opportunity, lost sales, monetary damage and damage to reputation, among other things, in an amount unknown and to be ascertained at the time of trial, but in an amount over the jurisdictional limits of this Court.

52.     Hottrix is entitled to recover its actual damages from Defendants, and Defendants' profits under 17 U.S.C. § 504.  Alternatively, Hottrix may elect statutory damages under 17 U.S.C. § 504(c).  In addition, Defendants' use of the copyright embodied in the iMunchies Materials is deliberate, willful, fraudulent and with no extenuating circumstances, and constitutes a knowing use of Hottrix's copyright and constitutes willful infringement within the meaning 17 U.S.C. § 504(c). Hottrix is therefore entitled to enhanced statutory damages.

53.     Hottrix is also entitled to its full costs and its reasonable attorney's fees under 17 U.S.C. § 505.

54.     Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Hottrix, including its business, reputation, and goodwill, and will continue to damage Hottrix and deceive the public unless enjoined by this Court.   Hottrix has no adequate remedy at law.  Hottrix is entitled to injunctive relief under 17 U.S.C. §502.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## SECOND CAUSE OF ACTION

### (TRADE DRESS INFRINGEMENT 25 U.S.C. § 1125(a)(1))

### (Against All Defendants)

55.     Hottrix realleges and incorporates herein by reference Paragraphs 1 through 54 inclusive.

56.     At all relevant times herein, Hottrix has been and is the owner of all intellectual property rights, including trade dress, in and to the iMunchies Material.

57.     Since 1998, Hottrix has created and/or owned a unique digital product line, in both video and app format, whereby certain food and/or beverages appear be to "created" and contained within a mobile device, including but not limited to, the iMunchies Material.  The visual display of the iMunchies Material includes popcorn popping and being contained within the full video screen of a mobile device.  The total image and overall appearance of the digital product line, and specifically, the iMunchies Material, is unique, distinctive, and non-functional.  It has obtained secondary meaning in the minds of consumers throughout the United States and the world, and serves to identify Hottrix as the source of the iMunchies Materials.

58.     Hottrix has expended substantial resources in designing, promoting, manufacturing, and selling its unique product line that embodies its trade dress, including the iMunchies Material, and built a valuable business based on demand for its distinctively-styled products, including the iMunchies Material.  Because of Hottrix's efforts, together with long term consumer identification, Hottrix has become identified in the minds of the public of the provider of quality goods.

21

59.     Diamond Food's Perfect Popcorn App infringes upon Hottrix's trade dress as embodied its digital product line, and specifically in the iMunchies Materials.  The Perfect Popcorn App imitates popcorn popping and being contained inside a mobile device's full screen.  The Perfect Popcorn App is being intentionally and willfully used without Hottrix's consent and in a manner likely to cause confusion, or to cause mistake, or to deceive the consumer on the affiliation, connection or association of Defendants with Hottrix, or on the origin, sponsorship or approval by Hottrix of Defendants' goods, services or commercial activities.  At a minimum, Defendants acted with willful blindness to and/or in reckless disregard to Hottrix's trade dress in the iMunchies Material.

60.     The aforesaid wrongful acts of Defendants constitute a violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)(1)).

61.     Defendants' intentional and unlawful marketing and distribution of the Perfect Popcorn App allows Defendants to unfairly benefit from and trade upon the goodwill and reputation of Hottrix.  In addition, Hottrix's sale of its own works and derivative works are prejudiced by Defendants' unlawful activities.

62.     Because of Defendants' misconduct, Hottrix has suffered and will continue to suffer damage, including but not limited to, lost profits and goodwill, lost opportunity, lost sales, monetary damage and damage to reputation, among other things, in an amount unknown and to be ascertained at the time of trial, but in an amount over the jurisdictional limits of this Court.

63.     Hottrix is entitled to recover its actual damages from Defendants, Defendants' profits, and its costs of suit under 15 U.S.C. § 1117(a).

64.     Defendants' use of the trade dress embodied in the iMunchies Materials is deliberate, willful, fraudulent and with no extenuating circumstances, and constitutes a knowing use of Hottrix's trade dress, and an exceptional case within the meaning of the Lanham Act § 35 (15 U.S.C. §1117(a)).  Hottrix is therefore entitled to recover three times its actual damages and its reasonable attorneys' fees incurred in this action.

65.     Defendants' conduct has caused and will continue to cause immediate and irreparable

22

injury to Hottrix, including its business, reputation, and goodwill, and will continue to damage Hottrix and deceive the public unless enjoined by this Court.   Hottrix has no adequate remedy at law.  Hottrix is entitled to injunctive relief under 15 U.S.C. § 1116.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

### THIRD CAUSE OF ACTION

### (COMMON LAW TRADE DRESS INFRINGEMENT)

### (Against All Defendants)

66.     Hottrix realleges and incorporates herein by reference Paragraphs 1 through 65, inclusive.

67.     At all relevant times herein, Hottrix has been and is the owner of all intellectual property rights, including trade dress, in and to the iMunchies Material.

68.     Defendants' acts alleged herein, and specifically, without limitation, Defendants' marketing and distribution of the Perfect Popcorn App, infringes upon Hottrix's exclusive intellectual property rights, including its trade dress rights, in its digital product line, and specifically, the iMunchies Materials, in violation of common law.

69.     Because of Defendants' misconduct, Hottrix has suffered and will continue to suffer damage, including but not limited to, lost profits and goodwill, lost opportunity, lost sales, monetary damage and damage to reputation, among other things, in an amount unknown and to be ascertained at the time of trial, but in an amount over the jurisdictional limits of this Court.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

### FOURTH CAUSE OF ACTION

### (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

### (Against All Defendants)

70.     Hottrix realleges and incorporates herein by reference Paragraphs 1 through 69 inclusive.

71.     Hottrix has ongoing business relationships with its current customers, who tend to

23

buy more than one Hottrix product.  Hottrix has the probability of future economic benefits, in the form of further sales to those existing customers of Hottrix's digital product line, including the iMunchies App.

72.     Hottrix also markets to potential customers.   For example, Hottrix markets its iMunchies App on iTunes.  Hottrix is informed and believes and thereon alleges that many of Hottrix's customers have purchased its apps, including but not limited to the iMunchies App, through searching iTunes.

73.     However, Hottrix's marketing efforts and/or sales to its current and/or potential customer base have been disrupted.  For example, when consumers search for "popcorn" related iPhone apps on iTunes, the free Perfect Popcorn App shows up first in the search results.  Customers will and are undoubtedly drawn and diverted to Diamond Food's free app, the content of which appears to be popcorn popping and being contained in the full video screen.

74.     Defendants knew or should have known of Hottrix's economic relationships with its existing customers and/or potential customers – many of whom are the same potential customers of Defendants.

75.     Defendants' intentional conduct, described above, was intended to disrupt Hottrix's economic relationship with its existing customers and/or potential customers.  Defendants knew or should have known, and continue to know or should know, for example, that customers are more likely to download the Perfect Popcorn App, which infringes upon the intellectual property rights embodied in the iMunchies Materials, since it appears first in iTunes and is free.  Defendants knew or should have known, and continue to know or should know, that their conduct would disrupt Hottrix's sales by causing its current customers and/or potential customers to be diverted to the Perfect Popcorn App, and to ultimately not purchase or delay in purchasing the iMunchies App.

76.     Because of Defendants' conduct, Hottrix's economic relationships with its existing customers and/or potential customers, was and is actually disrupted.

77.     Hottrix is informed and believes and thereon alleges that Defendants induced and/or caused Hottrix's existing and potential customers, to not purchase Hottrix's iMunchies App and/or to

24

delay in purchasing its iMunchies App.

78.     Defendants' conduct was independently wrongful because, as set forth herein, Defendants have infringed upon Hottrix's intellectual property rights, including but not limited to its trade dress rights in its iMunchies Material.

79.     Defendants have committed and continue to commit such intentional, willful and malicious acts with the design of disrupting Hottrix's business relations and reaping for themselves future economic benefit that would flow to Hottrix.  Such actions have caused and will continue to cause damage to Hottrix, including but not limited to lost profits and goodwill, lost opportunity, lost sales, monetary damage and damage to reputation, in an amount unknown and to be ascertained at the time of trial, but in an amount over the jurisdictional limits of this Court.

80.     In doing the acts alleged above, Defendants have acted intentionally and have been guilty of oppression, fraud and/or malice, and acted in conscious and reckless disregard of Hottrix's rights, entitling Hottrix to punitive damages in an amount to be established at trial.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CAL. BUS & PROF. CODE § 17200

### (Against All Defendants)

81.     Hottrix realleges and incorporates herein by reference Paragraphs 1 through 80, inclusive.

82.     Defendants' activities, alleged above, including but not limited to, its unauthorized use and infringement of the copyrights and trade dress embodied in the iMunchies Materials, and intentional interference with Hottrix's prospective economics relationships, are calculated to deceive the public and thus constitute an unfair and deceptive business practice under California Business and Professions Code section 17200, *et seq*.

83.     Defendants, in unlawfully and willfully copying and creating infringing works of Hottrix's iMunchies Materials and offering the Perfect Popcorn App for download, created a likelihood of confusion among the public as to the original source of the iMunchies Material and

25

have contributed to the dilution of the distinctive quality of Hottrix's work in the marketplace.

84. As a direct and proximate result of Defendants' unlawful, unfair, and deceptive business practices, Defendants collected revenues and/or realized profits to which they were not entitled.

85. Hottrix seeks restitution and disgorgement of the revenues collected and/or profits realized by Defendants because of Defendants' illegal, unfair and/or deceptive business and advertising practices.

86. Hottrix has no adequate remedy at law for the injury alleged in this cause of action, and the injury is, in part, intangible and not capable of being fully measured or valued entirely in terms of monetary damages.

87. Under California Business and Professions Code sections 17203 and 17535, Hottrix further seeks an order enjoining Defendants from continuing its wrongful business practices. Unless restrained by this Court, Defendants will continue to engage in illegal, unfair, false and misleading business practices, as alleged above, in violation of sections 17200 and 17500 of the California Business and Professions Code. Hottrix and the public will be irreparably harmed if an order of the Court enjoining such practices is not granted. Hottrix is therefore entitled to preliminary and permanent injunctions.

88. In addition to injunctive relief, disgorgement, and restitution, Hottrix also is entitled to all other remedies provided under Business and Professions Code section 17203.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Hottrix demands judgment jointly and severally against the Defendants as follows:

1. An order for preliminary and permanent injunction enjoining Defendants, their owners, members, partners, officers, agents, representatives, servants, employees, distributors, licensees, corporate affiliates, successors and assigns, parents, subsidiaries, divisions, and all those acting in concert, privity, and/or participation therewith, from directly and/or indirectly infringing upon the copyrights and trade

26

---

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

dress embodied in the iMunchies Material, or using any other product or design or designations similar to or likely to cause confusion with the copyrights and trade dress embodied in the iMunchies Material;

2.  An order that all copies, including digital copies, that infringe upon the copyrights and trade dress embodied in the iMunchies Material be impounded, destroyed, taken down, or disposed of;

3.  An award of Hottrix's actual damages and Defendants' profits under 17 U.S.C. § 504, in an amount that exceeds $13,600,000.00;

4.  Alternatively, an award of statutory damages, at Hottrix's election, under 17 U.S.C. § 504(c);

5.  An award of enhanced statutory damages under 17 U.S.C. § 504(c);

6.  An award of Hottrix's full costs and reasonable attorney's fees under 17 U.S.C. § 505;

7.  An award of Hottrix's actual damages, Defendants' profits, and Hottrix's costs of suit under 15 U.S.C. § 1117(a), in an amount that exceeds $13,600,000.00;

8.  An award of three times the amount of Hottrix's actual damages and its reasonable attorneys' fees under 15 U.S.C. § 1117(a);

9.  An award of compensatory damages as allowed by law;

10.  An award of costs as provided by law;

11.  An award of punitive damages as allowed by law;

12.  An award of prejudgment interest at the legal rate;

13.  An award of restitution and/or disgorgement as provided by law;

14.  An order for Defendants to account to Plaintiffs for all profits from its infringement of the copyrights and trade dress embodied in the iMunchies Materials; and

//

//

DEFENDANT HOTTRIX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM;
DEMAND FOR JURY TRIAL
Case No. 14-cv-03162 BLF/HRL

15.   An order awarding Hottrix such other and further relief as the Court may deem just and proper.

Dated:  September 18, 2014                    KELLER, SLOAN, ROMAN & HOLLAND LLP


By:   _____/S/_____
                KENNETH E. KELLER
                Attorneys for Defendant Hottrix, LLC

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues trial to a jury.


Dated September 18, 2014                    KELLER, SLOAN, ROMAN & HOLLAND LLP


By:   _____/S/_____
                KENNETH E. KELLER
                Attorneys for Defendant Hottrix, LLC

28