**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DIAMOND FOODS, INC., <br>     Plaintiff, <br> v. <br> HOTTRIX, LLC, <br>     Defendant. <br> HOTTRIX, LLC, <br>     Counterclaimant, <br> v. <br> DIAMOND FOODS, INC., <br>     Counter-defendant. | Case No. 14-cv-03162-BLF <br><br> **ORDER GRANTING DIAMOND FOODS' UNOPPOSED MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST DEUTSCH LA, INC.** |

    Before the Court is Plaintiff and Counterclaim-Defendant Diamond Foods, Inc.'s ("Diamond Foods") motion for leave to file a third party complaint for indemnity against Deutsch LA, Inc. ("Deutsch"). *See* ECF 82 ("Mot."). Defendant and Counterclaimant Hottrix, LLC ("Hottrix") does not oppose the motion and does not oppose Diamond Foods' request to advance the hearing or to decide the motion without oral argument. *See* Mot. at 4; *see also* ECF 83 at 2-3.

    Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and hereby VACATES the hearing scheduled for April 5, 2018.[1] For the reasons that follow, Diamond Foods' motion for leave to file its third party complaint is GRANTED.

---

[1] Accordingly, the Court GRANTS Diamond Foods' unopposed administrative motion to advance the hearing, or, in the alternative, for its motion to be determined without oral argument. ECF 83.

## I. PROCEDURAL BACKGROUND

This dispute centers around whether one mobile software application ("app") depicting popcorn infringes upon the copyrights or trade dress of another popcorn app. In the face of threatened litigation from Hottrix, Diamond Foods originally filed this suit as a declaratory action on July 11, 2014, claiming that its "Perfect Popcorn" app does not infringe Hottrix's "iMunchies" app. *See* ECF 1 ("Compl."). Perfect Popcorn is a free app offered in the "Food & Drink" category of app stores, and is described as a tool to assist users in microwaving popcorn to perfection in order to avoid burning it. *See id.* ¶ 4. Hottrix's iMunchies app is offered in the "Game" category, and it enables users to engage in "digital visual tricks" with snack foods such as popcorn. *Id.* ¶ 3.[2]

In its Complaint, Diamond Foods seeks a declaratory judgment that Perfect Popcorn does not infringe upon any of Hottrix's copyright or trade dress rights, and a declaratory judgment that Diamond Foods has not committed any unfair business practices predicated on the alleged copyright and trade dress infringement. *See* Compl. ¶¶ 58-65. Hottrix filed counterclaims on September 18, 2014, alleging copyright infringement, statutory and common law trade dress infringement, intentional interference with prospective economic advantage, and statutory unfair competition. *See* ECF 14.

On April 22, 2015, Diamond Foods filed its first motion for judgment on the pleadings, ECF 30, which the Court granted with leave to amend, ECF 41. The Court held that Hottrix's original counterclaims did not plead sufficient facts to allege copyright and trade dress infringement against Diamond Foods, that the intentional interference claim was too speculative, and that the unfair competition claim failed along with the copyright and trade dress claims. *Id.* at 2. On September 16, 2015, Hottrix filed its First Amended Answer and Counterclaims asserting claims for copyright infringement, statutory and common law trade dress infringement, and unfair competition. *See* ECF 46 (Amend. Counterclaims). Diamond Foods then filed a motion to dismiss the counterclaims and a second motion for judgment on the pleadings in the declaratory relief

---

[2] The factual background is thoroughly laid out in this Court's Order Denying Diamond Foods' Motion to Dismiss and Motion for Judgment on the Pleadings at ECF 62. The Court provides the procedural background for purposes of the instant motion for leave to file a third party complaint.

2

1 action. *See* ECF 47. The Court denied Diamond Foods' motions on July 8, 2016, and Diamond Foods filed its Answer to the Amended Counterclaims on August 1, 2016. *See* ECF 62, 65.

The Court's initial Case Management Order provided a schedule with a fact discovery cutoff of September 11, 2015. *See* ECF 28. The fact discovery as well as other deadlines were repeatedly extended in light of a stipulated discovery stay during the pendency of Diamond Foods' motions. *See* ECF 45, 55. On December 5, 2016, the Court issued an Amended Scheduling Order setting a new case schedule based on trial in June 2019 and instructing the parties to submit a stipulation regarding discovery dates. *See* ECF 71. Pursuant to the parties' stipulation, the Court entered a revised scheduling order setting a fact discovery cutoff of June 1, 2018. *See* ECF 75 at 2. Neither the initial Case Management Order nor the operative scheduling order set a deadline to add parties to this action. *See generally* ECF 28, 75. Diamond Foods represents that the parties proceeded with discovery following the establishment of the pleadings and the Court's entry of the Amended Scheduling Order on January 3, 2017. *See* ECF 82 ("Mot.") at 5.

Diamond Foods filed the instant unopposed motion for leave to file a third party complaint against Deutsch on January 3, 2018. *See* Mot. The motion was set for oral argument on April 5, 2018. Diamond Foods then filed an unopposed administrative motion to advance the hearing, or, in the alternative, for the motion to be determined without oral argument. *See* ECF 83. For the reasons that follow, Diamond Foods' motion for leave to file its third party complaint against Deutsch is GRANTED.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14 permits a party to bring a third party complaint against any "nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If more than fourteen days have passed since the service of the defendant's (and would-be third party plaintiff's) original answer, however, the party "must, by motion, obtain the court's leave" to file such a third party complaint. *Id.* Whether to grant leave in such a circumstance is "within the sound discretion of the trial court." *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013) (citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)). The purpose of Rule 14 is to promote judicial

3

efficiency. *See, e.g.*, *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

In determining whether to grant leave, the Court must consider several factors: the timeliness of the motion, whether impleader is likely to delay trial, and whether impleader would prejudice the original Plaintiff. *See, e.g.*, *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000). It must also consider whether impleader would disadvantage the existing action by "complicating and lengthening the trial, or introducing extraneous questions." *Sw. Adm'rs* at 777. The Court considers those factors here, keeping in mind that the purpose of Rule 14 is to promote judicial efficiency, and leave to file a third-party claim is liberally granted in furtherance of that policy. *See J & J Sports Prods., Inc. v. Tolentino*, No. 1:10-CV-02089-LJO, 2011 WL 5547144, at *2 (E.D. Cal. Nov. 14, 2011).

### III. DISCUSSION

Diamond Foods seeks to implead as a third party defendant Deutsch, the agency with whom Diamond Foods contracted to develop Perfect Popcorn, and who was primarily responsible for the application's visual design. *See* Declaration of Allison J. Fernandez ("Fernandez Decl.") ¶ 2, ECF 82-1. On October 9, 2017, Diamond Foods issued a subpoena *duces tecum* to Deutsch. *Id*. In connection with its review of Deutsch's response to the subpoena, Diamond Foods reviewed the Master Services Agreement ("MSA") governing the development of the Perfect Popcorn app, and discovered that the MSA included an indemnity clause pursuant to which Deutsch agreed to indemnify Diamond Foods for copyright infringement claims "arising from any advertising prepared by Deutsch and used by [Diamond Foods]." *Id*. ¶ 3; *see also* Fernandez Decl. Exh. 1 ("MSA") ¶ 10, ECF 82-2.[3]

On December 12, 2017, Diamond Foods issued an indemnity demand to Deutsch under the indemnity provision of the MSA, but Deutsch has not yet responded. Fernandez Decl. ¶ 4. Diamond Foods' proposed third party complaint against Deutsch asserts claims of express contractual indemnity, comparative indemnity, equitable indemnity, and declaratory relief. *See* Fernandez Decl. Exh. 2, ECF 82-3. Counsel for Diamond Foods notified Hottrix of its intent to

---

[3] Although Diamond Foods cites to an indemnity provision at paragraph 9 of the MSA, the quoted language actually appears in paragraph 10.

4

implead Deutsch, and Hottrix indicated that it does not oppose incorporating Deutsch into the action. Fernandez Decl. ¶ 4.[4]

Because Diamond Foods seeks impleader more than fourteen (14) days after serving its answer to Hottrix's counterclaims, leave of Court is required in order to file a third party complaint. Fed. R. Civ. P. 14(a)(1). However, because the scheduling order issued in this case never set a deadline for joinder of any additional parties, Diamond Foods need not satisfy Rule 16's good cause standard because it does not seek to alter a scheduling order issued by the Court. *See* Fed. R. Civ. P. 16(b). Thus, the Court need only consider the factors pursuant to Rule 14. Several factors are relevant to the Court's determination of whether to permit impleader under Rule 14, including timeliness of the motion, prejudice to the plaintiff, complication of issues at trial, and likelihood of trial delay. *See, e.g.*, *Irwin*, 94 F. Supp. 2d 1052, 1056.

As noted above, Diamond Foods' motion is not timely in the sense that Rule 14(a) only expressly permits adding third party defendants to an action within fourteen days of filing the *original* answer; after that deadline, parties must seek leave of court. *See Helferich*, 917 F. Supp. 2d at 988-89. Here, Diamond Foods filed its original answer to Hottrix's counterclaims on November 13, 2014, over three years before this motion was filed. *See* ECF 18.[5] The court in *Helferich* denied a motion for leave to implead based on a much shorter delay than occurred here. In that case, the motion to implead was filed ten months after its original answer, and five months after the plaintiff filed an amended complaint. The Court stated:

> Nissan did not file its Motion to implead until more than five months after Helferich filed its amended complaint, which should have erased any doubt that the activities of the social media companies [which defendant sought to implead] were central to Helferich's allegations. Because Nissan has had notice of the nature of these claims—and of the role that the social media companies play in them—for many months and delayed in filing its Motion, the Motion is untimely.

---

[4] Moreover, the time to oppose the motion has passed and Hottrix did not file an opposition.
[5] Diamond Foods does not provide any support for its suggestion that the Court should consider its answer to the *amended* counterclaims rather than its answer to the original counterclaims. In any event, Diamond Foods' answer to the amended counterclaims was filed on August 1, 2016, over 16 months before its motion to implead Deutsch.

5

1    917 F. Supp. 2d at 989.

Nevertheless, Diamond Foods argues that the motion is timely because of the unique circumstances of the discovery stay in this case. *See* Mot. at 8. Early on in this litigation, Diamond Foods and Hottrix stipulated to a discovery stay to preserve resources during the pendency of Diamond Foods' motions for judgment on the pleadings and motion to dismiss the counterclaims. The pleadings were set as of August 2016, a new discovery schedule was set in January 2017. Diamond Foods engaged new counsel in March 2017 (ECF 78), and then served a subpoena *duces tecum* on Deutsch on October 9, 2017. Without citing to any authority, Diamond Foods argues that these developments make its January 2018 motion for leave to file a third party complaint timely. *See* Mot. at 8. The Court disagrees, and finds that this motion is not timely. For example, Diamond Foods does not explain why it did not have its own copy of its MSA with Deutsch, which could have permitted its discovery of the indemnity provision at a significantly earlier time. Nor can Diamond Foods explain the 14 month delay in serving a subpoena on its primary app developer after filing its Answer to the Amended Counterclaims. Despite the motion's untimely nature, the Court finds that the remaining factors weigh in favor of granting the motion to implead Deutsch.

Importantly, the Court finds that there is no prejudice to Hottrix, who does not oppose this motion to add Deutsch. The discovery cutoff in this action is June 1, 2018, which Diamond Foods argues is enough time for both Hottrix and Deutsch to conduct discovery. *See* Mot. at 7. Moreover, the dispositive motion deadline is set for February 21, 2019, with trial to commence on June 17, 2019, both of which are over one year from now. Given this schedule, the Court finds that there is no likelihood of trial delay. Indeed, neither party has indicated that a trial continuance would be necessary. However, because Deutsch would have to obtain counsel, respond to the third party complaint, engage in discovery and potentially in motion practice, the June 1, 2018 discovery cutoff date could be in jeopardy. Nevertheless, there is enough room in the schedule with a February 2019 summary judgment date and June 2019 trial date to accommodate an extension of the discovery cutoff, if necessary.

The Court also finds that the issues at trial would not be complicated by adding Deutsch.

Hottrix alleges that Diamond Foods' Perfect Popcorn app infringes the iMunchies app, and Diamond Foods would allege in turn that Deutsch—its primary vendor for the design and development of Perfect Popcorn—agreed to indemnify Diamond Foods for copyright claims. The claims against Deutsch would therefore involve similar discovery, factual analysis, and evidence.

Despite the untimeliness of this motion, the Court finds that the remaining *Irwin* factors as well as judicial efficiency and economy favor permitting impleader. There is considerable convenience to the parties to resolve these claims in one action, since Diamond Foods' liability to Hottrix for infringement depends, at least in part, on the resolution of Diamond Foods' claims against Deutsch. *See Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989) ("The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim.") (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1442, at 202–03 (1971)).

For the foregoing reasons, the Court GRANTS Diamond Foods' motion for leave to file its third party complaint against Deutsch. Diamond Foods shall file the third party complaint on or before **February 1, 2018**, and shall serve Deutsch pursuant to Federal Rule of Civil Procedure 4. Diamond Foods shall also endeavor to meet and confer with Deutsch as soon as possible and seek its stipulation to adhere to the case schedule set by the Court.

**IT IS SO ORDERED.**

Dated: January 22, 2018

_____
BETH LABSON FREEMAN
United States District Judge